UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

IN ADMIRALTY

CASE NO.: _____ 8:18-cv-1702-T-33mAP

KRAKEN CYCLE BOATS, LLC,

        Plaintiff,

v.

DIANE MOLETTO,

        Defendant.

_____/

**FILED**

2018 JUL 13 PM 3: 07
CLERK US DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA FLORIDA

## COMPLAINT FOR DECLARATORY JUDGMENT AND FOR EXONERATION FROM OR LIMITATION OF LIABILITY

Plaintiff, KRAKEN CYCLE BOATS, LLC ("Kraken CycleBoats"), through undersigned counsel, sues the Defendant, DIANE MOLETTO (hereinafter "Moletto"), for Declaratory Judgment pursuant to the Federal Declaratory Judgment Act, 28 U.S.C. §2201, and for Exoneration from or Limitation of Liability pursuant to 46 U.S.C. §§ 30501 et seq., and states as follows:

## COUNT I:
## DECLARATORY JUDGMENT

1.    Kraken CycleBoats files this action to obtain a judicial determination and declaration of the parties' rights and obligations under the terms of a pre-incident release of liability signed by the Defendant on July 13, 2017 (the "Release").

2.    An actual and justiciable controversy has arisen and now exists relating to



the parties' respective rights, duties and obligations under the Release.

3.      Specifically, Moletto has made a claim against Kraken CycleBoats for bodily injuries she claims to have sustained on Plaintiff's vessel and has threatened suit if the claim is not paid.

4.      Kraken CycleBoats seeks a declaratory judgment that the Release bars any claim by Moletto against the Plaintiff, its owners, captains, employees and agents for bodily injuries she claims to have sustained aboard Plaintiff's vessel on July 16, 2017.

5.      This matter is now ripe for adjudication.

### The Parties

6.      Kraken CycleBoats is in the business of providing cycle boat excursions in Florida.

7.      Kraken Cycle is a Florida Limited Liability company authorized to transact business in Florida and the owner of a 32-foot Cascade Cycle Boat pontoon vessel bearing hull identification number CAD69013H617 (the "Vessel").

8.      Kraken CycleBoats has its principal place of business in the State of Florida.

9.      Each of Kraken CycleBoats's members are citizens and residents of the State of Florida.

10.     Moletto is a citizen and resident of the State of Florida.

### Jurisdiction and Venue

11.     This case falls within the Court's admiralty and maritime jurisdiction pursuant to 28 U.S.C. §1333 and is an admiralty and maritime claim within the meaning

2

of Rule 9(h) of the Federal Rules of Civil Procedure, as more fully described in this Complaint.

12.   Defendant signed the Release.

13.   A true and accurate copy of the Release signed by Defendant is attached to the Complaint as Exhibit "A."

14.   Defendant signed the Release for the purpose of taking a cycle boat excursion on Plaintiff's Vessel in Tampa, Florida

15.   The Release is a maritime contract subject to this Court's admiralty and maritime jurisdiction, because it involves transportation aboard a vessel on navigable waters.

16.   Additionally, Moletto claims to have sustained a bodily injury while boarding the Vessel on navigable waters.

17.   Transportation on a vessel in navigable waters for the purpose of a cycle boat excursion bears a substantial relationship to traditional maritime activity.

18.   This Court has maritime tort jurisdiction over the instant case, because both the location and nexus requirements to establish maritime tort jurisdiction are satisfied as more fully set forth herein.

## Facts

19.   Moletto and several family members and/or friends, were scheduled to go on the Vessel for a cycle boat excursion from Tampa, Florida.

20.   Several days before embarking on the excursion, Moletto and the other passengers signed liability releases.

3

21.    The Release specifically provides that, by signing the document, Moletto intended to "hereby release, forever discharge, and agree to hold Kraken, its members, managers, employees, contractors, agents, vendors, and affiliates, harmless from any and all liability, claims or demands for personal injury, sickness, death, property damage, and related expenses, of any nature whatsoever that I may incur as a result of my use of the Vessel and participation in its voyage."

22.    Moletto signed the Release prior to embarking on the charter cycle boat excursion.

23.    Upon the arrival of Moletto and other passengers at the docks located at the Tampa Convention Center, Moletto attempted to board the Vessel, without permission from the Vessel's Captain while it was moored in the navigable waters of the Hillsborough River in Tampa, Florida.

24.    While boarding the Vessel, Moletto fell, which resulted in injuries to her leg.

25.    Moletto claims that she was required to obtain medical treatment as a result of the injuries sustained on the Vessel and has asserted a claim against Kraken CycleBoats for negligence.

26.    Pre-incident releases like the one signed by Moletto are valid and enforceable under maritime law.

27.    Kraken CycleBoats believes the Release bars any claim by Moletto against it, the company's owners, captains, employees and agents, and against the Vessel, for the bodily injuries claimed by Moletto, but is uncertain about its rights and obligations.

4

28.     There is an actual controversy between Kraken CycleBoats and Moletto within the admiralty and maritime jurisdiction of this Court involving the parties' respective rights and liabilities under the term of the Release signed by Moletto.

WHEREFORE, Kraken CycleBoats demands a Declaratory Judgment in its favor and against the Defendant declaring that the Release bars and any all claims she may have against Kraken CycleBoats, its owners, captains, employees and agents, and against the Vessel, for bodily injuries.

## COUNT II:
## EXONERATION FROM OR LIMITATION OF LIABILITY

27.     This is a case of admiralty and maritime jurisdiction within the meaning of Rule 9(h), Fed. R. Civ. P., the Supplemental Rules for Certain Admiralty and Maritime Claims and the Local Admiralty Rules of the United States District Court for the Northern District of Florida.

28.     The Court has jurisdiction over this claim by virtue of 28 U.S.C. §1333 as more fully alleged below.

29.     At all times relevant to this Complaint, the Vessel was owned by Kraken Cycle Boats, LLC ( hereinafter "Owner"), a Florida limited liability company with its principal place of business in Wesley Chapel, Florida.

30.     The Vessel is a 32-foot Cascade Cycle Boat pontoon vessel bearing hull identification number CAD69013H617.

31.     Venue is proper in this Court because the incident described below occurred on navigable waters in the Hillsborough River and/or Hillsborough Bay and the Vessel is currently located in this District.

32.     On July 16, 2017, Moletto was scheduled to go on a charter cycle boat excursion from Tampa, Florida.

33.     Upon the arrival of Moletto and other passengers at the docks located at the Tampa Convention Center, Moletto attempted to board the Vessel, without permission from the Vessel's Captain while it was moored in the navigable waters of the Hillsborough River in Tampa, Florida.

34.     While boarding the Vessel, Moletto fell, which resulted in injuries to her leg.

35.     Moletto claims that she was required to obtain medical treatment as a result of the injuries sustained on the Vessel and has asserted a claim against Moletto for negligence.

36.     Moletto has made a formal claim for personal injuries against the Owner.  It is not presently known whether other claims will also be asserted.

37.     The amount of the claims arising out of the incident described in this Complaint will exceed Owner's interest in the Vessel plus pending freight, if any.

38.     Before and at the time of the incident described above, the Vessel was in all respects seaworthy and properly and sufficiently manned, supplied, equipped and furnished with a suitable engine, machinery, tackle, apparel and appliances, all in good order and condition and suitable for the recreational uses in which she was engaged.

39.     At all times relevant to this Complaint, Owner exercised due diligence to make the Vessel seaworthy in all respects and properly and sufficiently manned, equipped and supplied with a suitable engine, machinery, tackle, apparel and appliances.

40.     At the termination of the voyage during which the incident occurred, the Vessel had a value of eighty thousand dollars ($80,000.00).  This value represents the maximum amount of the Owner's interest in the Vessel.

41.     There was no pending freight at the termination of the voyage, because the Vessel is used only for recreational purposes and passengers pay their fees in advance.

42.     Owner claims the benefits of the provisions of 46 U.S.C. §§30501, *et. seq.* and Rule F of the Supplemental Rules for Certain Admiralty and Maritime Claims.

43.     The casualty described in this Complaint was not contributed to by any fault, neglect, or lack of care on the part of the Owner of the Vessel, or the operator or others for whom Plaintiff is responsible.  Accordingly, Owner is entitled to exoneration from liability.

44.     In the alternative, and without admitting liability or fault, Owner states that in the event it or the Vessel is held responsible to any party by reason of the incident described above, then it claims the benefit of limitation of liability as provided for in 46 U.S.C. §§30501-30511.

45.     In support of this request for limitation of liability, Owner states that all injuries, losses and damages sustained as a result of the incident described in this Complaint occurred without fault on the part of the Owner and without its privity or knowledge.

46.     Simultaneous with the filing of this Complaint, Owner offers its Ad Interim Stipulation in the amount of eighty thousand dollars ($80,000.00), the maximum amount of the post casualty value of his interest in the Vessel, together with costs and interest at the rate of six percent (6%) per year from the date of the Ad Interim Stipulation, said Ad Interim Stipulation being to secure the payment in the Court, whenever the Court shall so order, of the aggregate amount of the value of the Owner's interest in the Vessel.

47.     This Complaint is timely filed because it was filed within six (6) months after Owner's receipt of a claim in writing.

48.     All and singular, the premises are true and within the Admiralty and Maritime jurisdiction of this Court.

WHEREFORE, Owners respectfully requests:

(a.)     That this Court cause due appraisal to be made of the amount or value of its interest in the Vessel immediately following the incident of July 16, 2017;

(b.)     That this Court enter an Order directing the Owner to file an Ad Interim Stipulation to be approved by the Court providing for payment into the Court of the amount or value of its interest in the Vessel plus pending freight, if any, together with costs and interest at the rate of six percent (6%) per year or a bond therefore, whenever the Court shall so order;

(c.)     That the Court enter an Order directing the issuance of a Monition to all persons, firms and corporations claiming damages for any and all

8

injury, loss, damage, or destruction resulting from the incident on July 16, 2017, as described above, and citing them to appear as directed and to make due proof of their respective claims and also to appear and answer the allegations of this Complaint according to law and the practices of this Court on or before a date and time to be fixed by the Monition;

(d.)   That the Court enter an Order directing that upon the giving of such stipulation as may be determined to be proper or of an Ad Interim Stipulation for the payment into the Court of the Owners' interest, or a bond therefore, an injunction shall issue restraining the prosecution of any and all suits, actions and proceedings already begun to recover damages arising out of, occasioned by or consequent upon the casualty set forth in this Complaint, and the commencement or prosecution thereafter of any suits, actions or legal proceedings of any nature or description whatsoever except in the present proceeding against the Owner, the Vessel and/or his underwriter in respect of any claim or claims arising out of the incident described above;

(e.)   That the Court in this proceeding will adjudge the following:

   i)   That the Owner and the Vessel are not liable to any extent for any injury, loss, damage or expense or for any claim

whatsoever in any way arising out of or in consequence of the incident described above; or

ii)  If the Owner or the Vessel shall be adjudged liable, that such liability be limited to the amount or value of the Owner's interest in the Vessel immediately following the incident of July 16, 2017, described herein, and that the Vessel be discharged therefrom upon the surrender of Owner's interest in the Vessel and her pending freight, if any, and that the money surrendered, paid or secured, to be paid as stated above be divided according to the provisions of the statutes mentioned in this Complaint among the Claimants who duly prove their claims in accordance with the provisions of the Order requested above, saving to all parties any priorities to which they may be legally entitled and that a decree be entered discharging the Owner, underwriters, and the Vessel from all further liability;

(f.)  That the Owner may have such other and further relief as may be deemed proper under the circumstances.

*(Signature page follows).*

10

Respectfully Submitted,

GRAYROBINSON, P.A.

/s/ Ted L. Shinkle
TED L. SHINKLE, ESQ.
Florida Bar No. 0608051
LESLEY-ANNE MARKS, ESQ.
Florida Bar No. 107009
1795 West NASA Blvd.
Melbourne, Florida 32901
Telephone:  (321) 727-8100
Facsimile:  (321) 984-4122
Email:        ted.shinkle@gray-robinson.com
Secondary Email:
        lesley-anne.marks@gray-robinson.com
        lory.klopfenstein@gray-robinson.com

11

## VERIFICATION OF JEFFREY RHOADES

The undersigned, JEFFREY RHOADES, swears:

1.      My name is JEFFREY RHOADES.

2.      I am one of the members of Kraken Cycle Boats, LLC, which is the entity that owns the 32-foot Cascade Cycle Boat pontoon vessel bearing hull identification number CAD69013H617, and have personal knowledge of the facts stated in this Complaint.

3.      I declare under penalty of perjury that the facts stated in the Complaint are true and correct to the best of my knowledge, information and belief.

Executed at Wesley Chapel, Florida on July 12th, 2018.

JEFFREY RHOADES
KRAKEN CYCLE BOATS, LLC


By: Jeffrey Rhoades, Individually, and as
Managing Member of Kraken Cycle Boats,
LLC.

# 2113531 v1                    12